UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON BROOKINS,

    Petitioner,

v.                                                           Case No. 8:08-cv-1615-T-17TGW

HILLSBOROUGH COUNTY JAIL,
CONFINEMENT REVIEW COMMITTEE,
CLASSIFICATION SUPERVISOR T. HERDS,

    Respondents.
_____/

## **O R D E R**

Before this Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 filed by Aaron Brookins (Petitioner), a prisoner in the Hillsborough County Jail System. The Petitioner attacks the fact that he has been placed in Administrative Confinement numerous times since he was booked into the Orient Road Jail on February 8, 2008 as set forth in Exhibit "A," HCSO Charge Report.[1] In his Petition, the Petitioner does not attack his August 13, 2008 convictions arising out of charges filed in the Thirteenth Judicial Circuit in Hillsborough County, Florida, in state circuit court case number 2008-CF-2717. A review of the petition and the response to the petition, with exhibits, demonstrates that the petition must be denied.

---

[1] Respondents present evidence supporting their contentions as exhibits. References to these materials are designated by their exhibit letter and brief description of the document, such as Exhibit " ," description.

## THE PRESENT PETITION

In Ground One (1) of his Petition, Petitioner states that this Court has Jurisdiction pursuant to Chapter 79 of the Florida Statutes. In Ground Two (2), Petitioner states that he was involuntarily placed in Administrative Confinement. In Ground Three (3), Petitioner states that he is being held involuntarily by the Confinement Review Committee. In Ground Four (4), Petitioner states that he is being deprived of his freedom for invalid and illegal reasons. In Ground Five (5), Petitioner states that his confinement is illegal because he has never violated any rules or regulations, has had false disciplinary reports filed against him, is not a violent inmate, and was only acting in self-defense during a March 31, 2008 altercation with another inmate. In Ground Six (6), Petitioner requests that the Court appoint him counsel.

## DISCUSSION

In general, courts defer to the informed discretion of corrections officials when determining issues related to the care and handling of inmates. *Turner v. Safley*, 482 U.S. 78, 90 (1987). In the instant case, the Petitioner contends that he has been involuntarily placed into Administrative Confinement without reason. Respondent does not deny that the Petitioner's placement into various forms of Administrative Confinement were likely involuntary, but denies any allegation or suggestion that such placement was in any way arbitrary.

Petitioner has been placed in various levels and types of confinement during his stay within the Hillsborough County Jail System. From February 8, 2008, to February 14, 2008, Petitioner was placed into Direct Observation Confinement, a level of confinement utilized

when an inmate is a suicide risk. This risk can be demonstrated either through verbal communications or behavior. On or about February 16, 2008, the Petitioner was placed into Psychiatric Lockdown, a level of confinement utilized when an inmate is no longer a suicide risk, yet still exhibits mental problems. On or about February 21, 2008, the Petitioner was released into general population and transferred to Falkenburg Road Jail. On or about February 22, 2008, Petitioner was placed into Disciplinary Lockdown due to his refusal to participate in mandatory clean-up, and statements such as, "I'm gonna fuckin' do nothing," and 'It's gonna take more than a holding cell." On or about February 28, 2008, Petitioner was transferred again to Orient Road Jail's Direct Observation Confinement due to suicide concerns. The Petitioner was placed into Psychiatric Lockdown on or about the following day. On or about March 6, 2008, Petitioner was cleared from Psychiatric Lockdown and placed into Administrative Confinement due to his past psychological and behavioral history. On or about March 12, 2008, Petitioner was again placed into Psychiatric Lockdown. On or about April 30, 2008, Petitioner was again placed into Disciplinary Lockdown at Falkenburg Road Jail due to an incident that involved Petitioner's assaulting another inmate. On or about May 5, 2008, Petitioner was transferred to Orient Road Jail and placed into Direct Observation Confinement, the appropriate confinement for potentially suicidal inmates. On or about the following day, the Petitioner was removed from Direct Observation Confinement and placed into Psychiatric Lockdown. Lastly, on or about June 4, 2008, Petitioner was placed into Administrative Confinement where he remained as of November 19, 2008. Each time the Petitioner was moved, this information was added to the "ClassLoc," as set forth in Exhibit "I," ClassLoc Printout.

The Petitioner contends that he has been placed into Administrative Confinement for no reason. However it is clear that the Petitioner was placed into, and remains in such confinement, due to both his psychological as well as behavioral issues. There is no aspect of the Petitioner's confinement that is arbitrary. Each time the Petitioner's level of confinement was changed, an Incident report was generated, which detailed the reasons for such change as set forth in Composite Exhibit "J," Incident Reports. The Petitioner's level of confinement varied due to his clear behavioral and psychological issues. Further, Respondent contends that such placement is never arbitrary within the Hillsborough County Jail System. As outlined in several of the documents contained in Composite Exhibit "J," Incident Reports, the Confinement Review Committee meets weekly to determine the level of confinement in which each individual inmate should be housed.

As evidenced by the above, it is clear that there are more than adequate justifications for each time the Petitioner has been placed into the various levels of confinement. Further, it is clear that Petitioner has demonstrated psychological and behavioral issues so as to justify his housing in Administrative Confinement when he filed his habeas petition. Lastly, it is clear that such placement was never arbitrary due to the Petitioner's demonstrated issues, and the fact that the Confinement Review Committee meets weekly to determine the appropriate level of confinement for each inmate.

Petitioner alleges that he is being held involuntarily by the Confinement Review Committee. The discussion above demonstrates that this is not accurate. Petitioner's level of confinement was at all times appropriate and justified given his behavioral and psychological issues, see Composite Exhibit "J," Incident Reports.

Petitioner mischaracterizes the altercation with another inmate that gave rise to Incident Report #2OO8SO580A as set forth in Composite Exhibit "J," Incident Reports. Upon a reading of the incident report, it is clear that the Petitioner was the aggressor and was handled in the disciplinary process accordingly. Lastly, it is clear that this was not the Petitioner's only disciplinary incident, and further clear that Petitioner has psychological issues. Accordingly, it is clear that Petitioner was housed appropriately.

Furthermore, it appears that Petitioner is no longer incarcerated in the Hillsborough County Jail. (See change of Address, Doc. No. 13).

Petitioner did not file a reply refuting Respondent's allegations in the response.

Accordingly, the Court orders:

That Petitioner's petition is denied. The Clerk is directed to enter judgment against Petitioner and to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to

proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 5, 2009.

*[signature]*
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Aaron Brookins